## Collins, to use, v. Aaron, Appellant.

| 162 | 539 |
|-----|-----|
| 204 | 108 |

*Deeds—Recording acts—Notice.*

Where two deeds are made, of different dates, from the same grantor
to different persons, neither of which is recorded within six months, that
which is first recorded will take priority.

Where the deed first executed is not recorded, but is recited in a mort-
gage recorded before the second deed is recorded, the recital of the deed
in the mortgage will not save the mortgage as against the second deed.

Argued May 15, 1894.   Appeal, No. 95, July T., 1893, by
defendant, Levi D. Aaron, from order of C. P. Lancaster Co.,
Nov. T., 1893, No. 63, refusing to open judgment in favor of
plaintiff, Hugh M. Collins, to use of Margaret Collins.   Be-
fore STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and
FELL, JJ.   Affirmed.

Rule to open judgment.

The facts appear by the following opinion by BRUBAKER, J.:

" The judgment in this case, for the sum of seventy-five
dollars, was entered in court on a note under seal with war-
rant of attorney, being for a balance of the purchase money
on a tract of land of five acres and ten perches, situated in
Colerain township, Lancaster county, which was sold by Hugh
M. Collins and wife, Margaret E. Collins, the use plaintiff, on
March 28, 1891, for the consideration of the sum of six hun-
dred and seventy-five dollars.   Six hundred dollars of the pur-
chase money was paid in cash, and the balance by this judgment.
Execution was issued on the judgment on October 28, 1892,
and on January 6, 1893, on the petition of the defendant this
rule was granted and the writ stayed.

" The reason alleged for the opening of the judgment is that the husband of plaintiff had warranted the title to the land to be free of liens and incumbrances, and that since the defendant has discovered that the former grantors of this property, Isaac Lebo and Amanda, his wife, had conveyed to John Hildebrand by a certain deed, of date June 27, 1884, a tract of twenty-six acres and one hundred and seventeen perches, in which the tract of five acres and ten perches was included as a part of said larger tract, and that said Hildebrand sold and reconveyed the whole tract to said Amanda Lebo on August 22, 1885, and on the same day received a certain mortgage of two thousand five hundred and thirty dollars from her and her husband, which was recorded in the recorder's office at Lancaster, on October 13, 1885, upon which a judgment was procured, a writ of levari facias issued and the tract sold by the sheriff to Hildebrand.

" The testimony and the exhibits produced at the argument show that neither of the said deeds from Lebo and wife to Hildebrand, and from Hildebrand to Mrs. Lebo, have ever been placed on record in the recorder's office of this county. The only paper between them on record is the mortgage, which, however, mentions the fact of the conveyance from Lebo and wife to Hildebrand by the deed dated June 27, 1884.

" It also appears from the testimony that the deed from Lebo and wife to Alonzo Artis, dated May 16, 1882, the plaintiff's grantor, for the tract of five acres and ten perches was recorded on Dec. 8, 1890, in the recorder's office at Lancaster, and the deed from Alonzo Artis and wife to Hugh M. Collins, plaintiff, dated Dec. 3, 1890, for the same premises was also recorded and entered on Dec. 8, 1890.

" On the facts stated as above given, should the court open the judgment for the purpose of letting the defendant into a defence in this case? If the Hildebrand mortgage was a lien on the five acres and ten perches tract, and the sheriff's title to Hildebrand was a good one, we would be constrained to give the defendant the relief prayed for.

" The recording act of March 18, 1775, § 1, 1 Sm. L. 422, Purd. Dig. 583, pl. 94, reads: 'All deeds and conveyances which, from after the publication hereof, shall be made and executed within this province, of or concerning any lands, ten-

ements or hereditaments in this province, or whereby the same
may be any way affected in law or equity, shall be acknowl-
edged by one of the grantors or bargainors, or proved by one
or more of the subscribing witnesses to such deed, before one of
the judges of the Supreme Court, or before one of the justices
of the court of common pleas of the county where the lands
conveyed lie, and shall be recorded in the office for recording
of deeds in the county where such lands or hereditaments are
lying and being, within six months after the execution of such
deeds and conveyances ; and every such deed and conveyance
that shall, at any time after the publication hereof, be made and
executed and which shall not be proved and recorded as afore-
said, shall be adjudged fraudulent and void against any sub-
sequent purchaser or mortgagee for valuable consideration,
unless such deed or conveyance be recorded as aforesaid, before
the proving and recording of the deed or conveyance under
which such subsequent purchaser or mortgagee shall claim.'

" This section of the act has early met the interpretation
from our appellate court, that where two deeds are made, of
different dates, from the same grantor to different persons,
neither of which is recorded within six months, that which is
first recorded will take priority. Manufacturing Co. v. Neel,
54 Pa. 19.

." In that case THOMPSON, J., said : ' The plain reading of
the act is, that in order to be first in right against a prior pur-
chaser's deed, the subsequent purchasers must be first in time
on the record.' And in Souder v. Morrow, therein cited,
LOWRIE, J., says : ' Purchasers ought to know that they have
only a conditional title dependent on the honesty of their ven-
dors, so long as they neglect to record their deeds. They are
not safe, merely because of the neglect of a former purchaser
to record within six months, and there being no subsequent
deed to oppose them, but because among several deceived pur-
chasers they are first to obey the law.'

" The Hildebrand deed not being on record, does the fact
of the reference to the deed in the mortgage which was on
record prior to the record of the Artis deed save the mortgage ?
This is a new question, and we must meet it here as one of
first impression.

" Both parties trace their title back to the same person, that

is, they claim through Isaac Lebo, and the deeds from Lebo and wife to Alonzo Artis and from Artis and wife to Collins, the plaintiff, are the only ones on record. The mortgage to Hildebrand, it will be observed, is given by Amanda Lebo and not by Isaac Lebo, her husband, on the wife's title to the land. When Aaron, the defendant, purchased the property, he was not bound, upon an examination of the title of his grantor, to look beyond Lebo's title. Mrs. Lebo's mortgage was undoubtedly intended to act as a lien upon the land, and would have had such force and effect had the deed of Lebo and wife been duly recorded.

" The intent of the act of 1775, as was said in Lessee of Henry v. Morgan, 2 Binney, 502, was to protect innocent purchasers from suffering by the fraud or neglect of those who had obtained prior conveyances from the same person, and omitted to have them recorded. If unrecorded deeds of this kind were to prevail against subsequent purchasers, no human prudence would be sufficient to guard against imposition, because the title submitted to the examination of the last purchaser, independent of the unrecorded deed, would be perfect.

" It seems to us we need not pursue the inquiry further to convince the parties to the rule that the defendant in the execution would have no legal defence to the judgment, if opened, and therefore the rule must be discharged."

*Error assigned* was above order.

*B. F. Davis*, and *A. C. Reinoehl*, for appellant.

*C. Reese Eaby*, for appellee, cited : Act of March 18, 1775; Mfg. Co. v. Neel, 54 Pa. 19 ; Hetherington v. Clark, 30 Pa. 393 ; Souder v. Morrow, 33 Pa. 83 ; Fries v. Null, 154 Pa. 573.

PER CURIAM, July 11, 1894 :

The conclusion reached by the learned judge of the common pleas is clearly correct, and for reasons given in his opinion the judgment should be affirmed.

Judgment affirmed.