[No. 6030. Decided February 2, 1906.]

FREDERICK E. SWANSTROM *et al., Respondents,* v.
WASHINGTON TRUST COMPANY, *Appellant.*[1]

DEEDS—RECORD—PRIORITY. Under Bal. Code, § 4535, providing that deeds shall be valid as against *bona fide* purchasers from the date of their filing, it is not necessary in case of two deeds from the same grantor, that the subsequent deed to a *bona fide* purchaser be recorded before the first deed is recorded, in order to gain priority, since the statute does not so provide.

Appeal from a judgment of the superior court for King county, Hatch, J., entered November 10, 1905, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to quiet title. Affirmed.

*H. R. Clise,* for appellant, to the point that, to be valid as against any bona fide purchaser, a deed must be recorded,

1Reported in 83 Pac. 1112.

36—41 WASH.

cited: *Fleschner v. Sumpter,* 12 Ore. 161, 6 Pac. 506; *Fries v. Null,* 154 Pa. St. 573, 26 Atl. 554; *Collins v. Aaron,* 162 Pa. St. 539, 29 Atl. 724; *Harding v. Allen,* 70 Md. 395, 17 Atl. 377; 24 Am. & Eng. Ency. Law (2d ed.), p. 122, and cases cited under note 5.

*Peters & Powell,* for respondents, cited: 24 Am. & Eng. Ency. Law (2d ed.), 140; *Miller v. Merine,* 43 Fed. 261; *Steele v. Spencer,* 1 Pet. 552; *DeCourcey v. Collins,* 21 N. J. Eq. 357; *Northrup's Lessee v. Brehmer,* 8 Ohio 392.

RUDKIN, J.—The question of priority between two deeds for the same property, from the same grantor, is the only question presented on this appeal. On the 5th day of December, 1903, one Angus W. Young conveyed certain property to the appellant, by warranty deed, to secure the payment of the sum of $8,000. This deed was not filed for record or recorded until the 10th day of June, 1904. On the 27th day of May, 1904, said Angus W. Young conveyed, by deed, a portion of the same property to the respondents, for a valuable consideration. The respondents purchased the property, paid the purchase price, and received their deed, without either actual or constructive notice of the prior deed to the appellant. This deed was not filed for record or recorded until the 7th day of March, 1905. On these facts the respondents contend that their deed has priority, because they were bona fide purchasers without actual or constructive notice of the prior unrecorded deed. The appellant, on the other hand, contends that its deed has priority because it was first in time and was first recorded.

The decision of this question depends upon our registration laws. Bal. Code, § 4535, provides that "all deeds, mortgages, and assignments of mortgages, shall be recorded in the office of the county auditor of the county where the land is situated, and shall be valid as against bona fide purchasers from the date of their filing for record in said office, and

when so filed shall be notice to all the world." It is not necessary that the subsequent conveyance should be first recorded in order to gain priority, unless the statute so provides. The rule is thus stated in Webb on Record of Titles, § 13:

"The statutes of nearly one-third of the states and territories provide that an unregistered conveyance shall be void as against a subsequent purchaser in good faith 'whose conveyance shall be first recorded.' Where the statute does not by such express terms make the rights of the subsequent purchaser depend on priority of record, such priority, or the want of it, is immaterial; and the courts have almost uniformly held that a subsequent conveyance for valuable consideration, taken without notice of a prior unrecorded one, prevails over such prior instrument, whether the later one be first recorded or not."

"Recordation is required for the protection of subsequent purchasers only. To require a subsequent conveyance of title to be recorded in order that a prior purchaser of the same property may be able to obtain information of its existence would not be in furtherance of the general design of these statutes, which was to protect purchasers from being undone by prior secret conveyances by making the means of obtaining information thereof available to that end. And so it is not necessary to his full protection in the absence of statutory provisions so requiring, that the subsequent purchaser record the instrument under which he claims before the recordation of the conveyance of the prior purchaser." 24 Am. & Eng. Ency. Law (2d ed.), 140.

The authorities cited to sustain the above statement of the law fully support the text.

Inasmuch as our statute does not require a prior registration of the subsequent deed in order to give it priority, the court below correctly ruled that such prior registration is unnecessary.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, HADLEY, CROW, DUNBAR, and ROOT, JJ., concur.