N. R. McHAN v. J. H. DORSEY.

(Filed 30 May, 1917.)

**Deeds and Conveyances—Mortgages—Registration—Simultaneous Filing— Priorities.**

> It is required for a valid filing of a mortgage that it be delivered at the register of deeds' official office, and until then it can acquire no priority over one theretofore executed; and where two mortgages given to different persons on the same subject-matter are delivered to the register of deeds out of his official office, carried by him to that place and marked by him filed at the same time, the filing and registration are regarded as being simultaneous, and the mortgage first executed will have priority of·lien.

CIVIL ACTION to recover a horse, tried at October Term, 1917, of SWAIN, before *Harding, J.*

From a verdict and judgment for plaintiff, defendant appealed.

*Bryson & Black for plaintiff.*
*Frye & Frye, F. H. Woodard, Manning & Kitchin for defendant.*

BROWN, J. Upon the undisputed and admitted facts the judge should have held that the plaintiff is not entitled to recover.

The mortgage under which plaintiff claimed the horse was dated 23 April, 1914. To this mortgage was appended the certificate of the register of deeds of Swain County, which contained the notation "Filed for registration at 9 o'clock a. m., 28 April, 1914, and recorded 28 April, 1914, in book 11, page 110; *et seq.*"

The defendant claimed that his right to the horse was superior to that of plaintiff, for the reason that the mortgage under which he had purchased antedated the plaintiff's mortgage, and that although it bore the same notation as to filing and registration, to wit, at 9 o'clock a. m., 28 April, 1914, that it had been placed on record by the register prior to the actual registration of the plaintiff's mortgage.

All the evidence shows that both the mortgages were delivered to the register outside of his official office, and that he carried them both to the office at once and entered the date of filing as above set out and recorded defendant's mortgage first.

To constitute a valid filing for record, the instrument must be delivered at the register's office, where the law requires it to be filed. The delivery of these mortgages to the register of deeds outside of the register's office was not a filing. The filing took place when that officer carried them within the office and made the notations. 34 Cyc., p. 587.

It therefore appears that the filing and registration was simultaneous, and the judge should have so instructed the jury.

The registration being simultaneous, the defendant is entitled to the horse, as the mortgage under which he purchased the animal was executed and delivered prior in date to plaintiff's mortgage.

Where the registration is simultaneous, the first mortgage will be given priority. The only way a second mortgage can acquire priority over a first mortgage is by showing that his mortgage was duly filed for record first.

New trial.