Hall, Judge.
 

 It appears from modern decisions, that liberal constructions have prevailed in relation to negotiable securities, in order to obtain the ends of justice. It has been long since held, that the payee of a
 
 *475
 
 negotiable paper by endorsing his name on it and delivering it to a third person, authorizes that person to make an assignment of it to himself, in the present case, the name of the payee of the note was not inserted. But when the note was in the hands of the endorser,
 
 ■Mabry,
 
 the Defendant, where it was placed by the makers, he was authorized to insert his own name in it.
 

 In
 
 Cruchly
 
 v.
 
 Clarence,
 
 (2
 
 Maul
 
 &
 
 Sel. 90,)
 
 it was decided that a hill of exchange, drawn and issued in blank for the name of the payee, may be filled up by a
 
 bona fide
 
 holder witii his own name, and will bind the drawer. So an endorsement on a blank note will bind the endorser, for any sum \vhich the person, with whom it is entrusted, thinks proper to insert in it.
 
 (Russell
 
 v.
 
 Langstaffe,
 
 — 2
 
 Doug.
 
 514.)
 

 So, I think, when the bill came into the hands of the Plaintiff, as a
 
 bona Jide
 
 holder of it, he might have inserted the Defendant’s name. By leaving' it blank, the makers of the note authorized any
 
 bona jide
 
 holder of it to fill it up. I think the Defendant is liable upon his endorsement as such, or is liable as the drawer of a new hill.
 
 (Clark
 
 v.
 
 Pigot,
 
 1
 
 Salk.
 
 125,
 
 Nicholson
 
 v.
 
 Sedgwick,
 
 1
 
 Ld. Ray.
 
 180,
 
 Slacum
 
 v.
 
 Pomery,
 
 6
 
 Cranch, 221.)
 
 A bill payable to a fictitious payee may be declared on, as a bill payable to bearer, against all persons knowing the name of tiie payee to be fictitious.
 
 (Gibson
 
 v.
 
 Minet,
 
 1
 
 H. Bl.
 
 569,
 
 Collis
 
 v.
 
 Emett, Id.
 
 313,
 
 Gibson
 
 v.
 
 Hunter,
 
 2
 
 Id.
 
 187,
 
 S. C. Id.
 
 288,
 
 Ballingalls
 
 v.
 
 Gloster, 2 Term 481.)
 
 I mention this case to show, that the more ancient and rigid rules are wearing away, and giving place to more liberal ones, for the sake of attaining the ends of justice. Nothing can he more true, (provided I am correct in the law of this case) than that the justice of it is with the Plaintiff. Believing the law' to be so too, I think that the non-suit should be set aside, and judgment entered for the Plaintiff.
 

 Per Curiam. — Let the Judgment below be reversed. Judgment entered for the Plainliff,