J. B. BONNER v. D. C. STYRON.

*Mortgage—Application of Proceeds of Sale under to Unsecured Debt, with Consent of Mortgagee.*

1. While a mortgagee must apply the proceeds of any part of mortgaged property on the mortgage debt, if the mortgagor instructs him so to do or if no instructions are given, and he is not at liberty of his own accord to apply such proceeds on another debt, yet, if the mortgagor consents or directs that such application shall be made, and it is so made, the mortgagor cannot be allowed to say that an application of his money made at his request or on his demand was a misapplication; therefore,

2. Where, in the trial of an action to recover possession of for the purpose of selling personal property which had been mortgaged, together with cotton belonging to the defendant and his sons, it appeared that the plaintiff had received from the defendant sufficient cotton to discharge the debt for which it and the personal property were security, but had applied the proceeds to the credit of another and unsecured debt of defendant, and there was conflicting testimony as to whether such application was made with the consent and by the directions of the defendant, it was error in the Court to charge the jury that, although defendant assented to such application, unless the sons assented thereto, the debt for which the cotton was security would be deemed satisfied.

CIVIL ACTION to obtain possession of personal property in order to sell the same to pay two certain mortgages, tried before *Bynum, J.,* and a jury, at February Term, 1893, of BEAUFORT Superior Court.

From the judgment upon a verdict for the defendant the plaintiff appealed.

The pertinent facts are set out in the opinion of Associate Justice BURWELL.

*Mr. W. B. Rodman,* for plaintiff (appellant).
*Mr. Chas. F. Warren,* for defendant.

BURWELL, J.: The personal property in controversy in this action belonged, it seems, to the defendant D. C. Styron and was assigned to the plaintiff by two separate mortgages, one given in 1889 to secure a debt of about one hundred and sixteen dollars, and one given in 1890 to secure a debt of seventy five dollars. The first mortgage or lien was signed by the defendant and his two sons, and gave to the plaintiff, to secure the debt therein mentioned, a lien not only on the defendant's property here in dispute, but also on certain cotton which was the joint property of the three moitgagors or lienors. The second mortgage, executed by the defendant alone, as stated above, assigned to plaintiff his crop of cotton as well as the property described in the complaint.

The defendant in his answer averred that both of the debts had been paid, and upon the trial introduced evidence that tended to show that there had been delivered to plaintiff on account of these secured debts cotton of sufficient value to extinguish them, if the proceeds had been applied to their satisfaction, and that the cotton so delivered was the cotton covered by the mortgage or lien.

The plaintiff, admitting that he had received some cotton from the defendant, testified that with the consent of the defendant and indeed at his request, he had applied a portion of the proceeds of the cotton delivered to him as aforesaid on debts due to him from the defendant other than those secured by the two mortgages above mentioned, but there was no evidence that the sons of the defendant, who were jointly liable with him for the debt of one hundred and sixteen dollars, had in any way assented to or ratified such application of the proceeds of the cotton.

The plaintiff, among other instructions, asked his Honor to charge the jury " that though the plaintiff received enough of the joint property of the obligor to extinguish the debt, yet he could, by the request or consent of defendant, apply the proceeds of this joint property to other purposes than

the payment of this bond, and while it might extinguish the security and debt as to S. W. and H. S. Styron and their property, it would leave it operative as to D. C. Styron and his separate property."

This instruction was refused, and the jury was told that if they found the fact to be that defendant and his two sons raised the cotton of 1889, and the cotton was carried to plaintiff by one of them, and plaintiff knew it was the cotton of the three, and that it was the cotton covered by his mortgage, then, although defendant assented to the application to another debt of a part of the proceeds thereof, unless they found the fact to be further that the two sons assented to the application of the proceeds to another debt, they should find that the first debt was paid.

We think that there was error in refusing the instruction for which the plaintiff asked.

While it is true that a mortgagee who receives the proceeds of any part of the mortgaged property must apply such proceeds on the mortgage debt, if the mortgagor instructs him so to do, or if no instructions are given him, and he is not at liberty of his own accord to apply such proceeds on another debt, yet if the mortgagor consents or directs that such application shall be made, and it is so made, he will not be allowed to say that an application of his money, made at his request or on his demand, was a misapplication.

This being conceded, it seems to us to follow that if the defendant agreed that the proceeds of a part of the mortgaged cotton, the property of himself and his sons, should be diverted from the mortgage debt and used to extinguish other liabilities of his, he will not be permitted thereafter to deny his authority to do what he has seen fit to do, nor to question the validity of an act done by another at his instance. As to him and his property, this appropriation to other debts must be sustained.

Error.                                    New Trial.