W. A. TURNER *v.* E. D. OSBORN.

[64 South. 721.]

1. PAYMENT. *Application. Ratification. Bills and notes. Interest.*
   Where a party executes two notes to the same payee for the same amount, but payable at different times and when the first note is due sends, without direction as to application, his check to the payee for the amount of one of the notes, and the payee by mistake returns to him the note not due, which the maker retains, this is a ratification by him of the application to the payment of the note returned and he cannot rely upon such payment when sued upon the other note as a defense.

2. BILLS AND NOTES. *Sufficiency of payment. Interest.*
   In a suit on a promissory note bearing interest from date, proof by the defendant that he has paid the principal of the note, does not entitle him to a peremptory instruction where there is no evidence that the interest has also been paid.
   106 Miss. 47

APPEAL from the circuit court of Newton county.

HON. C. L. DOBBS, Judge.

Suit by W. A. Turner against E. D. Osborn. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Street & Street,* attorneys for appellant.

*G. E. Wilson,* attorney for appellee.

SMITH, C. J., delivered the opinion of the court.

Appellant instituted this suit in the court of a justice of the peace on a note executed to him by appellee. He filed with the justice of the peace, in addition to the note sued on, a written statement of his cause of action. When the cause reached the circuit court, he sought to amend this written statement, so as to set forth that on April 21, 1909, appellee executed to him his two promissory notes for seventy-five dollars each, with interest from date, due one on the 21st day of May and one on the 21st day of June following; that on May 29th appellee remitted to him the sum of seventy-five dollars, without indicating which note he desired to pay; that he had deposited these notes in a bank for collection, and that thereupon he instructed the bank to mail to appellee one of the notes; and that the bank mailed the note due on June 21st and that appellee now has this note in his possession. The amended statement then prayed for judgment for the amount of one of the two notes, with interest and attorney's fees. This amendment was objected to by appellee, and the objection properly sustained. The cause then proceeded to trial on the merits.

Appellant introduced the note sued on in evidence, proved the amount of a reasonable attorney's fee for the collection thereof, and rested his case. Appellee then introduced testimony showing that on May 21st he mailed appellant a check for seventy-five dollars, the letter in which it was inclosed being as follows: ''Inclosed please

find check, for which send me my note." The receipt of this check was admitted by appellant. The only note due at this time was the one sued on. Appellee in rebuttal attempted, but was not permitted, to prove the facts set out in the amendment he had sought to make to his written statement of this claim. In excluding this evidence the court was in error, for if the payment by appellee was applied by appellant to the wrong note, but the note to which it was applied was returned to and retained by him, then he ratified the application of the payment made by appellant, and therefore still owed the note sued on, and the determination of this question was for the jury.

At the close of the evidence the court also erroneously granted appellee a peremptory instruction, for the reason that, even if the seventy-five dollars paid by him must be applied to the note sued on, it was only sufficient to cover the principal thereof, and it does not appear that the interest due thereon has been paid.

*Reversed and remanded.*