## DeBusk v. Perkins.

(Decided February 27, 1925.)

### Appeal from Bell Circuit Court.

1. Judicial Sales—Description of Land in Judgment Ordering its Sale Held Sufficient.—Description of land in judgment ordering its sale as "all of block 104, section southeast, and the south half of block 4, section southeast," which description was on plat of land previously made and recorded in county court clerk's office, held sufficient.

2. Payment—Payer Acquiescing in Application Cannot Subsequently Assert Misapplication of Payment.—Where payment made has been credited on particular note, and that note subsequently renewed by payer in reduced amount, payer cannot subsequently insist that payment was applied contrary to his directions.

3. Appeal and Error—Exclusion of Testimony is Not Reviewable, in Absence of Showing as to What it would have Been.—Exclusion of testimony of particular witness is not reviewable, in absence of showing as to what testimony would have been if admitted.

4. Trial—Refusal to Permit Defendant to Cross-Examine Plaintiff as to whether he had Paid Taxes on Notes Sued upon Held Error. —In action on notes, refusal to permit defendant to cross-examine plaintiff as to whether he had listed notes sued upon for taxation, as required by Ky. Stats., section 4019a-13, held error, where testimony of tax commissioner as to such fact offered by defendant had been excluded and time denied within which to obtain witness competent to testify thereon.

5. Witnesses—To Warrant Exclusion of Testimony on Ground that it May Incriminate Witness Objection Must be Based on Such Ground.—To warrant exclusion of testimony on ground that it might incriminate witness, objection to its admission must be based on that ground; the exception being personal to witness or litigant.

L. F. De BUSK, JAMES M. GILBERT and LOW & BRYANT for appellant.

W. T. DAVIS and JOHN HOWARD for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On January 8, 1915, the appellee and plaintiff below, B. H. Perkins, and wife, deeded to the appellant and defendant below, L. F. DeBusk, some land in Bell county for the consideration of $1,500.00. Defendant paid $50.00 cash at the time and executed his three notes for the remainder of the consideration, the first of which was for one year for $450.00, and the other two for two and three years for the sum of $500.00 each. This action was brought on the last two notes to recover judgment thereon and to enforce the retained lien on the land in satisfaction thereof. The answer admitted the execution of the notes but pleaded by way of defense certain set-offs and a counterclaim. In another paragraph defendant alleged as a defense that plaintiff had neither listed for taxation either of the notes for any of the years since their execution, nor had he paid taxes on them for either of those years, which, if true, constituted a defense (at least until the taxes were paid) under the provisions of section 4019a-13 of the 1922 edition of Carroll's Kentucky Statutes. A reply made the issues and the case was transferred to the ordinary docket for trial before a jury. The court gave a peremptory instruction against defendant on one item of his set-off or counterclaim amounting to $1,000.00, but submitted another item of $200.00, together with some small payments claimed to have been made by defendant. The jury allowed credit for one payment of $50.00 and the item in defendant's set-off of $200.00, and returned a verdict in favor of plaintiff for the full amount of the notes with interest, to be credited with the allowed sums. The court declined to submit to the jury the failure of plaintiff to list the notes or pay taxes thereon upon the ground that there was no evidence to sustain that defense, which, under the ruling of the court as to the admission of evidence, was true, but on this appeal that ruling of the court is called in question, and is relied on as the chief ground for reversal.

Before taking up that ground, it might be proper to say that we do not think the court erred in giving a peremptory instruction as to the $1,000.00 off-set claim relied on by defendant, and that question will be dismissed without further consideration, since the court's action in doing so meets with our approval. Neither do we agree with defendant's counsel that the

judgment ordering the sale of the land was void or otherwise objectionable because of the alleged ground of indefinite description. The description in the deed, petition and judgment was "All of block 104, section southeast, and the south half of block 4, section southeast," which it appears, was the description on a plat of the land previously made and recorded in the county court clerk's office. Under those circumstances there can be no doubt of the sufficiency of the description and that objection will also be dismissed without further consideration. Neither are we called upon on this appeal to pass upon the propriety or impropriety of the $200.00 credit allowed by the jury in its verdict, since there is no cross-appeal by plaintiff, and we also conclude that the jury properly disallowed the other $50.00 credit which defendant insisted he was entitled to, for it appears that he received credit by that payment on the first note which he afterwards renewed in the reduced amount, and can not now raise the question of its being credited contrary to his directions; which leaves for discussion and determination the ruling of the court on the admission of evidence upon the failure of plaintiff to list the notes and pay the taxes thereon.

Defendant introduced the tax commissioner and propounded to him questions intended to elicit the fact that plaintiff had not listed the notes with that officer for taxation, but the court sustained an objection to those questions upon the ground, as we learn in briefs, that the proper officer by whom that proof should be made was the county court clerk, who kept a record in his office of the assessments of property for *ad valorem* taxes; but whether the court was correct in so ruling upon that ground (if it was the one upon which he acted) need not be determined by us, since there was no avowal made as to what the tax commissioner would answer, and under numerous rulings of this court we cannot consider the court's action in sustaining the objections to the questions. That rule of practice is so firmly settled as to require no citation of authorities or any of our opinions because they are all one way.

We find, however, that after defendant, who assumed, was given, or had the burden, closed his testimony, plaintiff introduced himself as a witness, and on cross-examination he was specifically asked whether he had listed or paid the taxes on the notes sued on for either of the years from the time they were executed till

the time of trial. The court sustained objections to each of those questions and declined to permit him to answer, when defendant avowed that if he was permitted to answer he would say that he had not listed the notes nor paid the taxes to any taxing authority for any of the years since their execution. Just why the court sustained objections to those questions does not appear from the record, but plaintiff's counsel in his brief argues that, since the burden to prove the defense was on defendant who first introduced his testimony and who had failed up to that time to establish it the court properly refused to allow him to do so afterwards by examining the plaintiff when he appeared upon the stand. We do not find ourselves, however, able to agree with that contention. It is, perhaps, true that extreme technical practice would have required the defendant to finish his proof upon all his defenses before plaintiff was required to introduce his proof. But it does not necessarily follow that the exercise of a sound discretion by the court would require the exclusion of offered testimony after that time. Moreover, the court had declined to permit the tax commissioner to testify, as we have seen, and at that time defendant announced, as appears from the record, that he had sent for the county court clerk, who lived and had his office at Pineville (the court being held at Middlesboro in the same county) and asked for time for the witness to arrive, but the court declined to extend it and forced defendant to finish his evidence without the testimony of that witness. Therefore, if it were true that it was the duty of the defendant to finish his testimony before closing his side of the case, and if it be admitted that his failure to do so would, under ordinary circumstances, justify the court in refusing to allow him to afterwards introduce testimony in chief, that rule should not apply under the circumstances of this case, since it is our conclusion that the court should have given defendant a reasonable time to procure the attendance of the county court clerk after he had ruled that the tax commissioner was an incompetent witness. If it should be said that the objections to the questions propounded to plaintiff were properly sustained because the answer might subject him to a penal prosecution for failure to list his property, the answer is that such exemptions from testifying, extended to a litigant or a witness, are personal to him, and the objections must be based on that ground. Nothing of the kind occurred here nor is it in-

sisted on in brief of counsel and it is, therefore, clearly manifest to us that the court erred in not permitting the defendant to answer as to whether he had listed and paid the taxes on the two notes involved. Under the terms of the section of the statute, *supra,* he may yet do so and thereby deprive the defendant of that defense, but until he does so he should not be permitted to maintain this action to collect them, since the statute has been held by us to be constitutional in the case of Kennedy v. Kennedy, 197 Ky. 784. It is a wholesome one and intended to purge the conscience of the taxpayer and force him to perform his duties of correct citizenship by contributing his proportion to the public treasury.

Upon a return of the case the court will credit the notes by the aggregate amount allowed by the jury ($250.00), will disallow the other items of counterclaim and try only the issue of whether or not defendant has listed and paid the taxes on the notes.

Wherefore, the judgment is reversed with directions to grant the new trial and for proceedings consistent with this opinion.