ELIZABETH B. DAVIS v. WILLIAM MONTGOMERY ET AL.

(Filed 17 March, 1937.)

1. **Payment § 8—Where creditor renders account showing application of payment debtor must protest such application within reasonable time.**

Where the creditor of a debtor owing two accounts collects the rents from the separate properties securing the debts, and renders statement to the debtor showing application of part of the rents from one property to the payment of the amount delinquent upon the debt secured by the other property, the debtor must protest such application within a reasonable time from receipt of the statement, even if such application is contrary to the agreement between them for the application of rents, and where the debtor fails to make such protest she is estopped from thereafter asserting that the application was wrongful in her effort to save one of the properties after both loans had become delinquent.

2. **Estoppel § 5—**

The foundation of estoppel *in pais* is error or inadvertence on the one side, and fault or dereliction on the other, and the doctrine has no application when both parties are in the right.

APPEAL by defendants from *Barnhill, J.,* at September Term, 1936, of WILSON.

Civil action to restrain foreclosure of deed of trust.

The essential facts follow:

1. In 1927, the plaintiff procured a large sum of money from the Acacia Mutual Life Insurance Company, divided into two loans, one for $75,000 secured by deed of trust on office building in Wilson known as the Davis Building; the other for $15,000, secured by deed of trust on an adjacent building known as the Cafe Building.

2. From April, 1930, up to the date of the institution of the present action, 6 August, 1934, all net rents collected from both buildings were paid to the defendant Insurance Company to apply on said loans.

3. Originally, the net rent received from each building was applied to the curtailment of the indebtedness against said building, but later, on 1 April, 1932, and again on 12 December, 1932, the Insurance Company rendered plaintiff statement of account in which it appeared that a portion of the net rents received from the Cafe Building had been applied against the accrued interest on the Davis Building loan, and in the latter statement special attention was called to this fact.

4. On 10 July, 1934, after the institution of the present action, plaintiff's agent by letter complained at the above application, and asserted: "Mrs. Davis understood that the rents from each building were to be applied to the loan on that building in sufficient amount to keep it in good standing, and agreed that in the event there was a surplus from

either building it was to be applied to the other if necessary to help with the payments."

5. There was a reference under the Code, the referee finding that the credit in dispute, amounting to $6,070.37, should have been applied to the loan against the Cafe Building and not to the loan against the Davis Building, which conclusion was affirmed by the Superior Court upon exceptions duly filed.

6. It is agreed that the application of the above credit is the determinative question in the case. If the plaintiff's contention be correct, then the loan upon the Cafe Building was not in default at the time of the institution of the present action. On the other hand, if the contention of the defendant be correct, then the loans on both buildings were in default, and the injunction should be dissolved.

*No counsel appearing for plaintiff, appellee.*
*Connor & Connor for defendants, appellants.*

STACY, C. J. There is really no dispute in respect of the facts. The evidence is not in conflict. Plaintiff admits that in the event of a surplus from either building it was to be applied to the other. And even if it be conceded that, through error or misunderstanding of the conferences had between the parties, the Acacia applied rents from the Cafe Building against the accrued interest on the Davis Building, when plaintiff understood a different application would be made, which is the strongest permissible inference on the record, still it was her duty to protest at the time of receiving statement, or within a reasonable time thereafter, unless she were content with the application as made by the defendant. *Sweeney v. Pratt,* 70 Conn., 274, 39 Atl., 182. Failing in this, she is now estopped. *McNeely v. Walters, ante,* 112. Compare *Development Co. v. Bon Marche, ante,* 272. The pertinent rule is stated in 48 C. J., 654, with citations in support of the statement, as follows: "The debtor is estopped from questioning the application made by the creditor where he receives an account or receipt applying payments in a certain way and fails to object, even though the application was made by the creditor in violation of an alleged agreement between the parties." The following will also be found as supporting the rule, either directly or in tendency: *McLear v. Hunsucker,* 30 La. Ann., 1225; *Flowers v. O'Brannon,* 43 La. Ann., 1042, 10 So., 376; *Baker v. Smith,* 44 La. Ann., 925, 11 So., 585; *DeBusk v. Perkins,* 207 Ky., 556, 267 S. W., 716; *Felin v. Trust Co.,* 248 Pa., 195, 93 Atl., 956; *Sawyer v. Howard,* 86 Vt., 63, 83 Atl., 535; *Turner v. Osborn,* 106 Miss., 737, 64 So., 721.

The foundation of estoppel *in pais* is error or inadvertence on the one side, and fault or dereliction on the other. *Morgan v. R. R.,* 96 U. S.,

716; *Sweeney v. Pratt, supra; LeRoy v. Steamboat Co.,* 165 N. C., 109, 80 S. E., 984. There is no occasion for the doctrine when both parties are in the right. *Estis v. Jackson,* 111 N. C., 145, 16 S. E., 7. The referee and the court below seem to have overlooked this principle.

In all probability the plaintiff was not concerned at the time with how the rents should be applied, for no doubt she then expected to repay both loans. However, when it later appeared that she would not be able to care for either, as an afterthought, she foregoes any effort to redeem the Davis Building and seeks to forestall foreclosure of the Cafe Building, hoping thereby to save it in the end.

The decision in *Bonner v. Styron,* 113 N. C., 30, 18 S. E., 83, is not at war with our present position.

The cause will be remanded for judgment accordant herewith.

Error.