JONES *v.* JONES.

K. D. JONES AND WIFE, MARY P. JONES, v. D. A. JONES, JR., AND WIFE, MILDRED W. JONES, NOLAN W. JONES AND OLEN R. FULP.

(Filed 14 December, 1966.)

**1. Frauds, Statute of § 5—**

Persons who sign a note with the original makers, the note being complete except for the insertion of the name of the payee, may not contend that their obligation was to answer on a special promise for the debt of another within the protection of the statute of frauds, since the writing is a sufficient memorandum within the purview of the statute. G.S. 22-1.

**2. Evidence § 27—**

Persons who sign with the primary makers a note complete except for the insertion of the name of the payee, with the understanding that the primary makers would fill in the name of the payee when they found someone willing to loan money upon the note, may not object to the introduction in evidence of testimony of conversations between one of the primary makers and themselves with reference to the purpose for which the note was executed and the authority of the primary makers to fill in the name of the payee, since the payees of the note were in no way involved in these conversations and the testimony does not in any way contradict or vary the terms of the writing.

**3. Bills and Notes § 5—**

Parties signing a note with others as makers, the note being complete except for the insertion of the name of the payee or payees, clothe the primary makers with authority to complete the instrument by inserting the name of the payees.

**4. Signatures—**

Conflicting evidence as to whether appellants did in fact sign the note in suit raises an issue of fact for the jury.

APPEAL by defendants Nolan W. Jones and Olen R. Fulp from *Brock, Special Judge,* April 4, 1966 Civil Session (second week) of GUILFORD, Greensboro Division.

Plaintiffs, as payees, instituted this action to recover $5,000.00 plus interest on the note described below.

Defendants D. A. Jones, Jr., and Mildred W. Jones, did not answer; and, as to them, judgment by default final was entered. Defendants Nolan W. Jones and Olen R. Fulp filed separate answers. Each denied he had signed the note and averred his purported signature thereon was a forgery.

Evidence was offered by plaintiff and by appellants.

The note, when admitted in evidence over appellants' objections, was in words and figures as follows:

"$5000.00                              STOKESDALE, N. C., *6-28  1963*

*Ninety* days after date, without grace......................................................

as principal, and................................................................................................

as sureties, promise to pay to *K. D. Jones & Mary P. Jones* or order, *Five Thousand and no/100*...............................................Dollars, for value received, negotiable and payable without offset at the STOKESDALE COMMERCIAL BANK, of Stokesdale, N. C., with interest from date at the rate of six per cent per annum until paid. The makers, endorsers and sureties hereto severally waive presentment for payment, protest, and notice of protest and non-payment of this note, and all defenses on the ground of any extension of the time of its payment that may be given by the holder or holders to them or either of them.

Power is hereby given to the holder hereof to call for additional security any time it shall be deemed this note not sufficiently secured, and on failure to give such satisfactory additional security this note shall be deemed to be due and payable on demand or notice.

This note, or any part thereof, at maturity, or any time thereafter, may be charged to account of principal, but a failure to so charge shall not in any way affect the liability of any of the makers, sureties or endorsers of this note.

| | | |
|---|---|---|
| Witness ............................ .......................... | *D. A. Jones, Jr.* | (SEAL) |
| No. ..............Due ................., 19. ... | *Mildred W. Jones* | (SEAL) |
| *For 500 Shares Stock in* | *Nolan W. Jones* | (SEAL) |
| *Stokesdale Enterprises, Inc.* | *Olen R. Fulp* | (SEAL)" |

The italicized words and figures were handwritten; all others were printed.

Evidence offered by plaintiffs tended to show K. D. Jones made a $5,000.00 loan to D. A. Jones, Jr., on said note on or about June 28, 1963; that D. A. Jones, Jr., delivered the note to K. D. Jones in the same condition as when offered in evidence; and that D. A. Jones, Jr., delivered to K. D. Jones simultaneously a certificate for 500 shares of (worthless) stock in Stokesdale Enterprises, Inc., made out to K. D. Jones and signed by D. A. Jones, Jr., as president, and by Mildred W. Jones, as secretary, of said corporation.

D. A. Jones, Jr., a witness for plaintiffs, testified in substance: He and his wife signed the note. Thereafter, he presented it to Nolan W. Jones and later to Olen R. Fulp. It was signed in his presence (on separate occasions) by each of them. The face of the note then appeared as set forth above with one exception, to wit, the space for the name(s) of the payee(s) was blank. It was understood and agreed by Nolan W. Jones and Olen R. Fulp that he (D. A. Jones, Jr.) would fill in the name(s) of the payee(s) when he found a party who would lend him $5,000.00 thereon. Upon learning that he could obtain the $5,000.00 loan from K. D. Jones, he inserted the names K. D. Jones and Mary P. Jones in said note as payees. The

loan was then consummated. He made payments of interest, a total of $225.00, covering interest for nine months, that is, to March 28, 1964.

Appellants offered evidence substantially as follows: The purported signature of each appellant on said note is a forgery. He (each appellant) did not sign the note or authorize anyone to sign his name thereto. He made no payment thereon. He had no knowledge or notice of the existence thereof until receipt of a letter dated March 9, 1965, in which plaintiffs made demand on him for payment; and that upon receipt of such letter he denied liability on the ground he had not signed the note and had no knowledge or information with reference thereto.

The jury found (answering a separate issue as to each) that appellants executed the note as alleged, and that appellants were indebted to plaintiffs thereon in the amount of $5,000.00 plus interest from March 28, 1964. Judgment that plaintiffs have and recover of defendants Nolan W. Jones and Olen R. Fulp, jointly and severally, the sum of $5,000.00 plus interest and costs, was entered. Defendants Nolan W. Jones and Olen R. Fulp excepted and appealed.

*Hoyle, Boone, Dees & Johnson for plaintiff appellees.*
*Clyde A. Shreve and Robert A. Merritt for defendant appellants.*

PER CURIAM. Appellants contend their motion(s) for judgment of nonsuit should have been granted. They assert plaintiffs seek to charge them on a special promise to answer for the debt of D. A. Jones, Jr., and that the note is not a sufficient memorandum to constitute compliance with the provision of the statute of frauds codified as G.S. 22-1. The contention is untenable. The writing itself (note) charges appellants with liability for such amount, if any, as may be recoverable thereon against D. A. Jones, Jr., and Mildred W. Jones. It is clear the jury found appellants authorized D. A. Jones, Jr., to use the note in order to obtain a $5,000.00 loan thereon.

Appellants assert the court should have sustained their objection to the testimony of D. A. Jones, Jr., as to his conversations with appellants with reference to the purpose for which the note was executed, the insertion of the name(s) of the payee(s) if and when he obtained the $5,000.00 loan, etc. The contention that this evidence was violative of the parol evidence rule is untenable. Plaintiffs were in no way involved in these conversations. They relate to authority granted by appellants to D. A. Jones, Jr., to take the signed note and deliver it to a person from whom he could borrow $5,000.00. Moreover, this testimony did not in any way contradict or vary the terms of the writing (note) appellants had signed.

With reference to blank spaces in the note when signed by appellants and now, G.S. 25-20 in pertinent part provides: "Where the instrument is wanting in any material particular, the person in possession thereof has a *prima facie* authority to complete it by filling up the blanks therein. And a signature on a blank paper delivered by the person making the signature in order that the paper may be converted into a negotiable instrument operates as a *prima facie* authority to fill it up as such for any amount. . . ." In 11 Am. Jur. 2d, Bills and Notes § 75, this statement appears: "The presumptive authority to fill blanks extends to every incomplete feature of the instrument. The authority is to fill all blanks in general conformity to the character of the paper or as the person in possession thinks proper. Any and all blanks may be filled in which are necessary and proper to make the instrument a perfect and complete bill of exchange or promissory note, as the case may be." In 11 Am. Jur. 2d, Bills and Notes § 81, it is stated that, under the implied power to fill blanks, the pronoun "I" or "We" may be inserted. Appellants do not contend the authority of D. A. Jones, Jr., or of plaintiffs, with reference to filling the blanks in the note, was restricted in any manner. They contend they did not sign the note and had no conversation with anybody with reference thereto.

Under all the evidence, plaintiffs are entitled to recover on said note the sum of $5,000.00 with interest thereon from March 28, 1964 at six per cent per annum. Appellants contend plaintiffs should recover only against D. A. Jones, Jr., and Mildred W. Jones and that they (appellants) are not liable.

The crucial question(s) was whether appellants signed the note. On sharply conflicting evidence, the issues relating thereto were answered in favor of plaintiffs. Although all assignments of error discussed in appellants' brief and the decisions therein cited have been considered, further discussion is deemed unnecessary. Suffice to say, we find no error of such prejudicial nature as to warrant a new trial.

No error.