NINA H. FERGUSON v. JACK MORGAN, D/B/A J. E. MORGAN TRUCKING

No. 7228SC344

(Filed 24 May 1972)

1. Statutes § 5— construction — purpose

Where a literal interpretation of the language of a statute will contravene the manifest purpose of the Legislature, as otherwise expressed, the reason and purpose of the statute will control.

2. Chattel Mortgages § 10; Registration § 2— security interest in motor vehicle — registration — certificate of title

Plaintiff's security interest in a motor vehicle was not perfected on the date of delivery to the Department of Motor Vehicles of an application for notation of the security interest on the certificate of title where the security interest was never recorded on the certificate of title, since a security interest is perfected as of the date provided in G.S. 20-58.2 only if the notation of the security interest is actually made on the certificate of title by the Department of Motor Vehicles as provided in G.S. 20-58.1.

Judge BROCK dissenting.

APPEAL by plaintiff from *Thornburg, Judge,* 4 January 1972 Session of Superior Court held in BUNCOMBE County.

This is a civil action wherein plaintiff seeks to be declared the owner and entitled to possession of a 1963 Mack dump truck, heard on motions for summary judgment filed by both plaintiff and defendant.

The following facts are uncontroverted: By deed of trust dated 30 April 1966, Rock Products, Inc., created a lien on a 1963 Mack dump truck, the vehicle in question, in favor of the plaintiff to secure a promissory note for a cash loan actually made by the plaintiff to Rock Products, Inc., in the amount of $82,178.67. Said deed of trust was recorded in the Office of the Register of Deeds of Jackson County, North Carolina, on 15 July 1966 but was never recorded in Buncombe County, North Carolina. The deed of trust included all trucks and other vehicles owned by or in which Rock Products, Inc., had an interest.

By security agreement dated 21 March 1968, Rock Products, Inc., created a lien on said vehicle in favor of The Northwestern Bank in the amount of $6,000.00, which lien was noted as a first lien on the certificate of title to the vehicle.

On 30 March 1970, the plaintiff mailed to the North Carolina Department of Motor Vehicles an application for recording the lien of the deed of trust dated 30 April 1966 on Form MVR-6, which form indicated the make, style, title number, year model and serial number of said vehicle and, in addition to the lien of said deed of trust, indicated a first lien in the amount of $6,000.00 dated 21 March 1968 to The Northwestern Bank. Said form was executed by the registered owner of said vehicle and the application was accompanied by the required fee in the amount of $1.00.

On 31 March 1970, the North Carolina Department of Motor Vehicles received the application for recording a lien from plaintiff. On this date the certificate of title to the vehicle in question was in the possession of Northwestern Bank, the prior lienholder. Plaintiff's security interest in the vehicle in question has never been recorded on the certificate of title.

Pursuant to execution issued on February 26, 1970, in the case entitled *"The Northwestern Bank v. Rock Products,*

*Inc. and United Bonding Co.",* the Sheriff of Buncombe County seized the vehicle on 15 April 1970 and sold the vehicle to the defendant on 25 May 1970. Thomas H. Ferguson, Secretary of Rock Products, Inc., was present at the execution sale and notified each and every person at said sale of plaintiff's security interest in the vehicle. After said sale on 25 May 1970, the North Carolina Department of Motor Vehicles issued a certificate of title for said vehicle to the defendant and such certificate is presently issued in his name. Plaintiff's security interest has not been recorded on the certificate of title for said vehicle to this date. Rock Products, Inc., defaulted in the payment of the note evidencing the indebtedness to the plaintiff, and on 7 August 1970 the substitute trustee in the deed of trust securing the note to plaintiff sold the vehicle to the plaintiff for $3,200, subject to the lien of The Northwestern Bank created by the security agreement dated 21 March 1968.

Based on the uncontroverted facts, the court made the following conclusions of law:

"1. That the Plaintiff has failed to perfect her security interest on the Certificate of Title to the motor vehicle described in the Complaint by the required endorsement and has failed to comply with the mandatory provisions of North Carolina General Statutes Secs. 20-58, *et seq.*

2. That the Plaintiff has no perfected security interest.

3. That at the time of the sale on May 25, 1970 there was no notice of Plaintiff's security interest to the Defendant recorded on the Certificate of Title to said vehicle.

4. That the Defendant is the owner of said vehicle and is entitled to the possession thereof."

From a judgment declaring the defendant the owner and entitled to possession of the 1963 Mack dump truck, the plaintiff appealed.

*Hendon & Carson by George Ward Hendon for plaintiff appellant.*

*Wade Hall for defendant appellee.*

HEDRICK, Judge.

The sole question presented on this appeal is whether plaintiff had a perfected security interest in the 1963 Mack

dump truck prior to the levy and sale thereof by the Sheriff of Buncombe County to the defendant.

The North Carolina statutes relating to the perfection of a security interest in motor vehicles requiring certificates of title, rewritten in 1969 so as to make them conform to the Uniform Commercial Code, were first enacted as Chapter 835, S.L. 1961, and "revolutionized the laws of this State as they relate to chattel mortgages on property for which it is necessary to have a certificate of title." *Trust Co. v. Finance Co.*, 262 N.C. 711, 138 S.E. 2d 481 (1964). The preamble to Chapter 835, S.L. 1961, states:

> " 'WHEREAS, the present motor vehicle certificate of title law provides for a declaration of all existing liens at the time of application for registration, but does not require that liens given thereafter be declared and entered on the certificate of title; and

> WHEREAS, the certificate of title, often regarded as absolute, is not conclusive as to liens and may not be relied upon to show good title for purpose of sale or encumbrance, except as it relates to lien perfection under Section 213 of the Interstate Commerce Act; that is, liens on equipment of interstate common and contract carriers; and

> WHEREAS, the present certificate of title law does not meet the requisites of the Uniform Title Code because the certificate of title is not in and of itself adequate notice to third parties of existing liens; and

> WHEREAS, a certificate of title can be relied upon as a ready means by which all legal interests in motor vehicles may be determined would be to the public interest.' "
> *Trust Co. v. Finance Co., supra.*

> G.S. 20-58, in pertinent part, provides:

> *"Perfection by indication of security interest on certificate of title.*—Except as provided in G.S. 20-58.8, a security interest in a vehicle of a type for which a certificate of title is required shall be perfected only as hereinafter provided.

> \*   \*   \*

> (2) If the vehicle is registered in this State, the application for notation of a security interest shall be

in the form prescribed by the Department, signed by the debtor, and containing the amount, date and nature of the security agreement, and the name and address of the secured party from whom information concerning the security interest may be obtained. The application must be accompanied by the existing certificate of title unless it is in the possession of a prior secured party. If there is an existing certificate of title issued by this or any other jurisdiction in the possession of a prior secured party, the application for notation of the security interest shall in addition, contain the name and address of such prior secured party.

G.S. 20-58.1 provides:

*"Duty of the Department upon receipt of application for notation of security interest.*— (a) Upon receipt of an application for notation of security interest, the required fee and accompanying documents required by G.S. 20-58, the Department, if it finds the application and accompanying documents in order, shall either endorse upon the certificate of title or issue a new certificate of title containing, the name and address of each secured party, the amount of each security interest, and the date of perfection of each security interest as determined by the Department. The Department shall deliver or mail the certificate to the first secured party named in it and shall also notify the new secured party that his security interest has been noted upon the certificate of title.

(b) If the certificate of title is in the possession of some prior secured party, the Department, when satisfied that the application is in order, shall procure the certificate of title from the secured party in whose possession it is being held, for the sole purpose of noting the new security interest. Upon request of the Department, a secured party in possession of a certificate of title shall forthwith deliver or mail the certificate of title to the Department. Such delivery of the certificate does not affect the rights of any secured party under his security agreement."

G.S. 20-58.2 provides:

*"Date of perfection.*—If the application for notation of security interest with the required fee is delivered to the

Department within ten days after the date of the security agreement, the security interest is perfected as of that date. Otherwise, the security interest is perfected as of the date of delivery of the application to the Department."

Plaintiff contends her security interest in the motor vehicle in question was perfected on 31 March 1970, the date the application for the notation of her security interest on the certificate of title was delivered to the Department of Motor Vehicles. We do not agree.

[1, 2] Where a literal interpretation of the language of a statute will contravene the manifest purpose of the Legislature, as otherwise expressed, the reason and purpose of the law shall control. *Fishing Pier v. Town of Carolina Beach,* 274 N.C. 362, 162 S.E. 2d 363 (1968). The manifest purpose of G.S. 20-58 *et seq.* is to provide notice by recording the security interest on the certificate of title. Obviously, there would be no notice as contemplated by the statute, if the security interest was not actually put on the title certificate as provided by G.S. 20-58.1. When these statutes are considered together, we think it is clear that the security interest would be perfected as of the date provided in G.S. 20-58.2 only if the notation of the security interest is actually made on the certificate of title by the Department as provided in G.S. 20-58.1. Thus, in the present case, since the security interest claimed by the plaintiff has never actually been recorded on the certificate of title, we hold that she never had a perfected security interest on the Mack truck in question, and the trial court's ruling declaring the defendant the owner and entitled to possession of the truck is correct.

The order appealed from is affirmed.

Affirmed.

Judge VAUGHN concurs.

Judge BROCK dissents.

Judge BROCK dissenting.

In my view the majority opinion completely ignores the intent of G.S. 20-58.2, which provides that the security inter-

est is perfected as of the date of delivery of the application to the Department of Motor Vehicles, when not made within ten days of the date of the security agreement.

The trial judge found as a fact that plaintiff held a security agreement dated 30 April 1966; that on 30 March 1970, she forwarded to the Department of Motor Vehicles by mail an application to record her lien with the required fee, and gave the information required by G.S. 20-58(2); and that the Department received the application on 31 March 1970. The trial judge further found that the sheriff of Buncombe seized the vehicle in question under levy of execution on either 14 or 15 April 1970. Therefore, according to G.S. 20-58.2, plaintiff's security interest was perfected some fifteen days before the sheriff made his levy.

It is also interesting to note that the trial judge found as a fact that defendant was advised, at the time of the sheriff's execution sale of the vehicle on 25 May 1970, that plaintiff claimed a lien on the vehicle in question. In spite of this, defendant chose to ignore plaintiff's claim and the warning.

In my view, the trial judge was in error when he concluded that plaintiff has failed to perfect her security interest, and has failed to comply with G.S. 20-58, et seq.

I vote to reverse.