CHARLES L. GRAY Trading and Doing Business as CHARLES L. GRAY COMPANY v. AMERICAN EXPRESS COMPANY, A Corporation

No. 777DC76

(Filed 21 December 1977)

1. **Uniform Commercial Code § 25— traveler's check as negotiable instrument—date unnecessary—named payee necessary**

   A traveler's check is a negotiable instrument within the purview of Article III of the Uniform Commercial Code, and, though the absence of a date on such a check does not render it incomplete and unenforceable under G.S. 25-3-115, absence of the name of the payee does make the instrument legally incomplete. G.S. 25-3-104.

2. **Uniform Commercial Code § 25— traveler's checks—no named payee—failure of holder to complete**

   Where plaintiff was given traveler's checks in exchange for goods, but the checks were not dated and did not bear the name of the payee, plaintiff had the authority to complete the instruments, had nine years so to do, and did not; therefore, the instruments remained incomplete and unenforceable as a matter of law. G.S. 25-3-115.

3. **Estoppel § 4.7— refusal of payment on traveler's checks—incompleteness—no estoppel to raise defense**

   Where plaintiff presented to a bank traveler's checks which were blank as to date and payee, but the bank refused payment on the ground that the checks were stolen, plaintiff's contention that defendant was estopped to raise the defense of incompleteness of the instruments is without merit.

APPEAL by plaintiff from *Harrell, Judge.* Judgment filed 18 October 1976 in District Court, EDGECOMBE County. Heard in the Court of Appeals 15 November 1977.

Plaintiff, owner of Charles L. Gray Company, a wholesale grocery company located in Rocky Mount, received an order on 9 August 1967 from Ernie's Truck Stop for about $4,900 worth of cigarettes. He delivered the cigarettes to the manager of Ernie's. The manager gave the cigarettes over to Joseph Faillance of New York. Faillance paid the manager with $4,800 in American Express Travelers checks. Plaintiff saw Faillance sign and countersign the checks. Faillance did not date the checks or make them payable to anyone. The signature and countersignature were similar. The manager gave the checks to plaintiff in payment for the cigarettes. The checks remained blank as to date and payee. The manager did not endorse the checks over to plaintiff. On 10

August 1967 plaintiff turned the checks over to a local bank, still blank as to date and payee, and was refused payment on the ground that the checks were stolen. Payment was similarly refused after plaintiff forwarded the checks to Chase Manhattan Bank. Plaintiff never filled in the blanks.

Plaintiff filed suit on 15 December 1970, but when the case came on for trial on 15 October 1973, it was placed on the inactive list. On 10 June 1976 the case was returned to the active list. Defendant moved both for summary judgment and for dismissal for failure to prosecute, pursuant to N.C.R. Civ. P. 41(b). The trial court allowed both of defendant's motions. From entry of these judgments plaintiff appeals.

*Ezzell, Henson & Fuerst by Robert L. Fuerst and Thomas W. Henson for plaintiff appellant.*

*Jordan, Morris & Hoke by Charles B. Morris, Jr. for defendant appellee.*

CLARK, Judge.

Plaintiff brings forward two assignments of error. The first contends that the court committed error in granting defendant's motion for summary judgment. Summary judgment may not be granted if there is any genuine issue as to any material fact. N.C.R. Civ. P. 56(c). Defendant argued that the checks were incomplete and therefore unenforceable as a matter of law. Plaintiff apparently contends, in part, that he met the burden of raising an issue as to whether the date and name of payee were necessary to complete the instrument by introducing the affidavit of J. Edgar Booth which stated that Booth took traveler's checks without hesitation if the top and bottom signatures matched. Such affidavit does suggest that business practice does not require that the name of payee and date be filled in, but Article III of the Uniform Commercial Code is contradictory.

[1] A traveler's check is a negotiable instrument within the purview of Article III of the Uniform Commercial Code. G.S. 25-3-114 explicitly permits an instrument to be undated. Dating therefore is not a necessary element, the absence of which makes the instrument incomplete and unenforceable under G.S. 25-3-115. However, the name of the payee is an essential element. The payee's name is not one of the "[t]erms and omissions not affect-

ing negotiability" under G.S. 25-3-112. G.S. 25-3-104 demands "[a]ny writing to be a negotiable instrument within this article must . . . *be payable to order or to bearer.*" [Emphasis added.] G.S. 25-3-104(1)(d). Under old law of commercial paper and now incorporated into the Uniform Commercial Code, a note payable neither to order nor to bearer is not negotiable. *Newland v. Moore*, 173 N.C. 728, 92 S.E. 367 (1917). Specificity on the face of the instrument is required whether payment be to order or to bearer. *Johnson v. Lassiter*, 155 N.C. 47, 71 S.E. 23 (1911); G.S. 25-3-111(b). Therefore, it is clear that the checks were legally incomplete because they lacked the name of the payee.

[2]   G.S. 25-3-115 permits completion of an incomplete instrument if done "in accordance with authority given . . . ." *Jones v. Jones*, 268 N.C. 701, 151 S.E. 2d 587 (1966), construing old law now incorporated into the Uniform Commercial Code, considered that the instrument's primary makers had the authority to complete the instrument by inserting the name of the payee. The holder had final authority. *Lawrence v. Mabry*, 13 N.C. 473 (1830), held that a bill of exchange drawn and issued in blank for the name of the payee may be filled in by a bona fide holder in his own name, and will bind the drawer. It is clear that plaintiff had the authority to complete the instruments, had nine years so to do, and did not. The instruments remained incomplete and unenforceable as a matter of law.

[3]   Plaintiff further contends that defendant is estopped to raise the defense of incompleteness of the instruments because the checks were first refused on the grounds that they were stolen before proper issuance and thus void, that he did not complete the checks because he thought their unenforceability was due to their voidness rather than their incompleteness. Plaintiff did not plead estoppel. Ordinarily, estoppel is not available as a defense unless specifically pleaded. *Wright v. Mercury Ins. Co.*, 244 N.C. 361, 93 S.E. 2d 438 (1956). But our Supreme Court has established very liberal rules of amendment of pleadings and, in case of summary judgment will consider the pleadings amended to conform to evidence raised in the affidavits. *Whitten v. AMC/Jeep, Inc.*, 292 N.C. 84, 231 S.E. 2d 891 (1977).

In the case *sub judice* plaintiff has not raised evidence of estoppel in his affidavits sufficient to meet his burden of proof. See *Solon Lodge, K. of P.C. v. Ionic Lodge, F.A. & A.M.*, 245

N.C. 281, 95 S.E. 2d 921 (1957). Estoppel exists as a defense for innocent persons misled to their prejudice by fault or dereliction. 3 Strong's N.C. Index, Estoppel § 4. The doctrine has no application where the "innocent" party was misled through his own want of reasonable care and circumspection. *Trust Co. v. Finance Co.*, 262 N.C. 711, 138 S.E. 2d 481 (1964). It has no application where both parties are "innocent." *Davis v. Montgomery*, 211 N.C. 322, 190 S.E. 489 (1937). In the case *sub judice* plaintiff has not demonstrated anywhere any fault or dereliction on the part of defendant. The issue of whether checks stolen before issuance are void so as to render even a holder in due course without enforcement has not been settled in our jurisdiction, but it is not a "derelict" issue and defendant was neither frivolous nor consciously misleading when it refused to honor the checks. Plaintiff did not raise any evidence of estoppel to defendant's defense that the instruments were unenforceable as a matter of law because incomplete. Summary judgment was properly granted on that ground, and we need not reach either the issue of voidness or plaintiff's second assignment of error.

Affirmed.

Chief Judge BROCK and Judge MARTIN concur.