J. W. CROSS INDUSTRIES, INC., PLAINTIFF v. WARNER HARDWARE COMPANY, INC., DEFENDANT

No. 8813DC1343

(Filed 6 June 1989)

**Ejectment § 3— nonpayment of rent—no excusal for nonpayment**
> The trial court properly directed a verdict for plaintiff in a summary ejectment proceeding where plaintiff alleged that it leased the property in question to defendant at a stated monthly rental; defendant failed to pay the rent of January 1988; plaintiff sent defendant notice of its intention to terminate the lease and take possession of the property pursuant to the terms of the lease; and evidence with regard to negotiations between the parties for reacquisition of the property from defendant did not raise an inference that plaintiff intended to excuse defendant from making the payments due under the lease or that plaintiff did not intend to declare the lease forfeited if defendant failed to pay the rent.

APPEAL by defendant from *Hooks, Judge*. Judgment entered 24 May 1988 in District Court, BLADEN County. Heard in the Court of Appeals 17 May 1989.

This is a summary ejectment proceeding instituted by plaintiff to recover possession of certain property leased by plaintiff to defendant. The lease provides that defendant must pay $1,000.00 per month in rent, and if defendant fails to pay its monthly rental payment by the fifteenth day of each month, plaintiff, after giving written notice to defendant, may terminate the lease and take possession of the premises. Defendant filed answer, admitting exe-

J. W. CROSS INDUSTRIES v. WARNER HARDWARE CO.

[94 N.C. App. 184 (1989)]

cution of the lease and the nonpayment of the January 1988 rent, but denying that plaintiff was entitled to possession. Plaintiff's motion for directed verdict was granted, and the court entered judgment declaring that "[p]laintiff is entitled to immediate possession of the . . . premises and defendant shall immediately vacate and surrender the . . . premises to plaintiff." Defendant appealed.

*Carter & Carter, by James Oliver Carter, for plaintiff, appellee.*

*William R. Shell and W. Leslie Johnson, Jr., for defendant, appellant.*

HEDRICK, Chief Judge.

Defendant assigns error to the judgment directing a verdict for plaintiff. Defendant contends the evidence presented raised an issue of fact that should have been decided by the jury.

Usually a motion for a directed verdict under Rule 50(b)(1) of the North Carolina Rules of Civil Procedure is made against the party with the burden of proof. *Financial Corp. v. Harnett Transfer*, 51 N.C. App. 1, 275 S.E. 2d 243, *disc. rev. denied*, 302 N.C. 629, 280 S.E. 2d 441 (1981). A party having the burden of proof may not have its motion for a directed verdict granted when its right to recover depends on the credibility of its witnesses. *Cutts v. Casey*, 278 N.C. 390, 180 S.E. 2d 297 (1971). "A directed verdict for the party with the burden of proof, however, is not improper where his right to recover does not depend on the credibility of his witnesses and the pleadings, evidence, and stipulations show that there is no issue of genuine fact for jury consideration." *Financial Corp. v. Harnett Transfer*, 51 N.C. App. 1, 5, 275 S.E. 2d 243, 246, *disc. rev. denied*, 302 N.C. 629, 280 S.E. 2d 441 (1981).

In the present case, the trial court directed a verdict for plaintiff even though plaintiff had the burden of proof. This was proper since plaintiff's evidence did not involve the credibility of its witnesses, and none of defendant's evidence raised a genuine issue of material fact to be considered by the jury. Plaintiff alleged in its complaint that it leased the property in question to defendant at a monthly rental of $1,000.00, that defendant had failed to pay the rent of January 1988, and that it sent defendant notice of its intention to terminate the lease and take possession of the property pursuant to the terms of the lease. In its answer, defendant admitted that the January rent was not paid, thus a directed verdict for plaintiff was proper.

Defendant, however, argues the trial court erred in not considering the evidence offered by defendant with respect to negotiations between defendant and plaintiff in which the assets of Bladen Ace Hardware, operated by defendant on the premises owned by plaintiff and leased to defendant, would be reacquired by plaintiff on 1 January 1988. These negotiations did not result in an agreement being executed. The court's exclusion of the proffered evidence would be reversible error only if such evidence raised an inference from which the jury could find that plaintiff waived or was estopped to pursue its rights under the lease.

According to the doctrine of waiver, a person may waive practically any right he has unless forbidden by law or public policy. *Carrow v. Weston*, 247 N.C. 735, 102 S.E. 2d 134 (1958). The essential elements of waiver are the existence at the time of the alleged waiver of a right, advantage or benefit, the knowledge, actual or constructive, of the existence thereof, and an intention to relinquish such right, advantage or benefit. *Fetner v. Granite Works*, 251 N.C. 296, 111 S.E. 2d 324 (1959). The question of intent to excuse nonperformance is ordinarily a question of fact and may rarely be inferred as a matter of law. *Construction Co. v. Crain and Denbo, Inc.*, 256 N.C. 110, 123 S.E. 2d 590 (1962).

"The foundation of estoppel *in pais* is error and inadvertance on one side and fault or dereliction on the other." *Davis v. Montgomery*, 211 N.C. 322, 323, 190 S.E. 489 (1937). Equitable estoppel exists when: 1) a party falsely represents or conceals a material fact, when he has knowledge, actual or constructive, of the truth; 2) that party intends for the representation or concealment to be acted upon; and 3) the other party reasonably relied or acted upon it to his prejudice. The party asserting estoppel must have been without knowledge, or the means to know, the real facts and must not have been culpably negligent in informing himself. *Matthieu v. Gas Co.*, 269 N.C. 212, 152 S.E. 2d 336 (1967).

While this boilerplate law cited by defendant with respect to waiver and estoppel is correct, unfortunately for defendant it has no application to the facts in this case. The course of conduct between the parties with respect to the negotiations for the reacquisition of the property from defendant does not raise an inference that plaintiff intended to excuse defendant from making the payments due under the lease, or that plaintiff did not intend to declare the lease forfeited if defendant failed to pay the rent. No construc-

tion of the evidence that was excluded raises an inference that plaintiff's silence amounted to a misrepresentation of a material fact reasonably calculated to mislead defendant in not paying the rent due. None of the evidence raises an inference that plaintiff intended to relinquish its rights under the lease.

Thus, we hold that under the circumstances of this case, the evidence excluded was not relevant and raised no genuine issue as to any material fact to any defense to plaintiff's claims.

Affirmed.

Judges ARNOLD and WELLS concur.